IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-HC-2172-BO

WILLIAM A. LESANE,            )
                              )
        Petitioner,           )
                              )
v.                            )        ORDER
                              )
HARVEY CLAY,                  )
                              )
        Respondent.           )

The matter is before the court for an initial review pursuant to Rule 4 of the Rules Governing § 2254 cases in the United States District Courts. The issues raised are ripe for adjudication.

**BACKGROUND**

On May 6, 2010, in the Cumberland County Superior Court, petitioner pleaded guilty to second-degree murder. (Pet. p. 1 and Attach.). On the same date, petitioner was sentenced to a term of 276-341 months imprisonment. (Id. Attach.). Petitioner did not file a direct appeal. (Id. ¶ 12(c)). On January 31, 2017, petitioner filed a *pro se* petition for a writ of habeas corpus in the Cumberland County Superior Court, which was denied on February 6, 2017. (Id. ¶ 11(a) and Attach.). On February 27, 2017, petitioner appealed to the North Carolina Court of Appeals. (Id. ¶ 11(b) and Attach.) The court of appeals denied petitioner's appeal on March 9, 2017. (Id.)

Petitioner then filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 21, 2017. Petitioner alleged the following claims: (1) "Defendant was subjected to [an] illegal sentence in violation of his constitutional rights" because the prosecution

"unlawfully applied the essential elements constituting the murder as aggravating factors;" and (2) "Defendant was subjected to a duplicitous indictment charging two offenses." (Id. ¶ 12).

## DISCUSSION

Under Rule 4, the court must dismiss any petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. § 2254. The court may *sua sponte* dismiss a section 2254 petition without notice if "it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in [section] 2244(d)(1)." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); see Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006). As explained below, the court dismisses petitioner's petition as untimely.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed . . .; C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The statutory period began to run on the date petitioner's judgment became final. Judgment in this case was entered on May 6, 2010. Petitioner thereafter had 14 days after the entry of judgment to file an appeal. N.C.R. of App. P. 4(a) (amended October 18, 2001, to allow fourteen

2

(14) days to file notice of appeal). Petitioner did not file an appeal. Therefore, petitioner's judgment became final on May 20, 2010. As a result, petitioner's one-year statutory period began to run on May 20, 2010, and ran for 365 days until it expired on May 20, 2011.

Petitioner's January 31, 2017, and subsequent filings, do not operate to toll the running of the statutory period because under § 2244(d)(2) the statutory period is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). Tolling is not permitted after the expiration of the statutory period. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000); Streater v. Beck, No. 3:05CV284-MU-02, 2006 WL 1877149, *2 (W.D.N.C. Jul. 6, 2006) ("[I]t is well settled that a . . . motion or petition [filed subsequent to the close of the statutory period] for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period[.]"), appeal dismissed, 207 F. App'x 271, 2006 WL 3407741 (4th Cir. 2006). Thus, petitioner is not entitled to statutory tolling after the statutory period expired.

As a defense to the running of the statute of limitations, petitioner contends that he is entitled to equitable tolling. Even though the purpose of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Nonetheless, the Fourth Circuit has noted the rarity in which equitable tolling applies. "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . Principles of equitable

3

tolling do not extend to garden variety claims of excusable neglect." Id. at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted).

Petitioner asserts that he is entitled to equitable tolling because the North Carolina Department of Public Safety ("DPS") does not have law libraries in its prisons, and North Carolina Prisoner Legal Services ("NCPLS") "is limited to representing only North Carolina prisoners who have claims that affect the entire prison population." (Pet. ¶ 18). NCPLS attorneys are not required to take every prisoner action brought by inmates and may use their professional judgment when determining whether to provide representation in a matter. Salters v. Butler, No. 5:06–CT–3073–H, 2006 WL 4691237, * 1 (E.D.N.C. Oct. 19, 2006), appeal dismissed, 214 F. App'x 267 (4th Cir. Jan. 24, 2007); see also, Zuniga v. Perry, No. 1:15CV35, 2015 WL 5159299, at *5 (Sept. 2, 2015) ("That NCPLS declines to represent some inmates does not deny prisoners meaningful access to the courts.") (citation omitted). Petitioner's remaining contention that DPS lacks a law library likewise does not constitute exceptional circumstances for the purposes of equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (stating that ignorance of the law is not a basis for equitable tolling); see also, Garvin v. Eagleton, C.A. No. 8:12–1165–JMC, 2013 WL 3821482, at *13 (D.S.C. July 23, 2013) ("Petitioner's allegations regarding lack of resources in the law library do not constitute the type of extraordinary circumstances that justify equitable tolling because alleged inadequacies of prison law libraries do not toll the statute of limitations."), appeal dismissed, 544 F. App'x 236 (4th Cir. 2013); Jenkins v. Johnson, C.A. No. 2:09cv32, 2009 WL 1923938, at *4 (E.D. Va. June 29, 2009) ("[D]elays due to seeking legal advice and related allegations of inadequate

4

prison law libraries have consistently been held not to constitute the 'extraordinary circumstances' to warrant the application of equitable tolling.") (citation omitted). Thus, petitioner is not entitled to equitable tolling on these grounds.

The court now determines whether petitioner is entitled to a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds

5

first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

In summary, petitioner's § 2254 petition is DISMISSED as time-barred. The certificate of appealability is DENIED.

SO ORDERED, this the __7__ day of February, 2018.

TERRENCE W. BOYLE
United States District Judge